UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

PERRY LEE WYSINGER                     CIVIL ACTION NO. 17-cv-0012

VERSUS                                 JUDGE FOOTE

TOWN OF MANY, ET AL                    MAGISTRATE JUDGE HORNSBY

## REPORT AND RECOMMENDATION

### Introduction

Perry Lee Wysinger ("Plaintiff"), who is self-represented, filed this civil action against the Town of Many, Mayor Kenneth Freeman, and the Many Water Department. Plaintiff asks the court to exercise jurisdiction over his state law claims. He complains that the Town is "charging resident of Many what ever they want to on there (sic) water Bill." Plaintiff complains of a long-running dispute with the Town of Many over water bills, the amounts of which are a few hundred dollars in total. The complaint does not assert a federal law claim, and there is no basis for diversity jurisdiction. For the reasons that follow, it is recommended that the court dismiss this civil action without prejudice for lack of subject-matter jurisdiction.

### Procedural History

Plaintiff's complaint was accompanied by a Motion for Leave to Proceed In Forma Pauperis (Doc. 2). The court denied the motion because (1) Plaintiff has abused his pauper status in the past by filing frivolous suits, and (2) the court has no jurisdiction over this case.

The order (Doc. 4) noted that the court has explained to Plaintiff in cases such as <u>Wysinger v. Budget Phone, Inc.</u>, 14-cv-1109 and <u>Wysinger v. Department of Veterans Affairs</u>, 16-cv-1296 that this court does not have jurisdiction to settle every dispute he has with another person or agency. The order explained that jurisdiction was also lacking in this case.

Plaintiff was afforded the opportunity of either (1) paying the filing fee in full or (2) advise the court in writing that he wished to voluntarily dismiss this case. Plaintiff was advised that if he did not take one of those steps by a February 10 deadline, the undersigned would likely recommend that the complaint be dismissed for lack of subject-matter jurisdiction and that Plaintiff be permanently barred from filing in forma pauperis.

Plaintiff then filed a response (Doc. 5.) in which he stated that he believes the court should "start having jurisdiction over all cases." The court issued an order (Doc. 6) and explained: "That is not possible. The federal courts have limited jurisdiction and may hear only the specific kinds of cases authorized by Congress. This is not one of those cases."

Plaintiff also stated in his response that he desired a response by March 3 or he would "have to take my case to another Courthouse." The court explained:

> That is precisely what the court suggested in the prior order. This is a state law dispute between a Louisiana citizen and a Louisiana municipality. There may be a state or city court that has jurisdiction over Plaintiff's dispute. This federal court, however, does not. Accordingly, Plaintiff should take his dispute to another court.

The order went on to state that it was Plaintiff's choice whether to pay the filing fee. "But if he does, he will likely be wasting his money. The court will almost certainly dismiss his

case for lack of jurisdiction." Doc. 6. The court added that "If Plaintiff does not want to waste his money on the filing fee," he may advise the court in writing by February 10, 2017 that he wishes to voluntarily dismiss his case. If he did not dismiss or pay the filing fee by February 10, "the court will likely dismiss his case for lack of subject-matter jurisdiction." Plaintiff appeared in the clerk's office on February 3 and paid the $400 filing fee.

**Subject Matter Jurisdiction**

    **A. Introduction**

Plaintiff, as the party seeking to invoke the jurisdiction of the federal court, has the burden of alleging facts and otherwise establishing that jurisdiction exists. Aetna v. Hillman, 796 F.2d 770, 775 (5th Cir. 1986). The only potential grounds on which a federal court might be able to exercise subject-matter jurisdiction over a case of this kind are (1) diversity jurisdiction pursuant to 28 U.S.C. § 1332 and (2) federal question jurisdiction pursuant to 28 U.S.C. § 1331. Plaintiff's complaint does not make clear which of those, if either, he relies upon. The court has carefully examined the complaint and determined, for the reasons that follow, that this court does not have subject-matter jurisdiction to hear Plaintiff's complaint.

    **B. Diversity Jurisdiction**

Section 1332 requires complete diversity of citizenship. That means that the citizenship of each defendant must be diverse from that of each plaintiff. A federal court cannot exercise diversity jurisdiction if any plaintiff shares the same state of citizenship as any defendant. Whalen v. Carter, 954 F.2d 1087, 1094 (5th Cir. 1992).

Plaintiff alleges that he has lived in Many for quite some time, and he has a home with utilities in Many. There is no indication that he is a citizen of a state other than Louisiana. He lists three defendants, The Town of Many, its mayor and its water department. Each of them also appear to be citizens of Louisiana. The Louisiana citizenship of both Plaintiff and the three defendants destroys the potential for diversity jurisdiction. Section 1332 also requires that the amount in controversy exceed $75,000, and the complaint indicates that the amount in dispute here is far less, a few hundred dollars at most.

### C. Federal Question Jurisdiction

There is also no apparent basis for the exercise of federal question jurisdiction under Section 1331. The well-pleaded complaint rule determines whether a federal claim is presented in the complaint sufficient to give rise to subject-matter jurisdiction. The rule asks "whether the plaintiff has affirmatively alleged a federal claim." New Orleans & Gulf Coast Ry. Co. v. Barrois, 533 F.3d 321, 328 (5th Cir. 2008).

Plaintiff's complaint begins by asking the court to exercise jurisdiction "over State Law Claims." He asks that the name of the customer on the water bill be changed and that he be compensated for emotional distress and pain and suffering caused by the prolonged dispute over his water bill. There is no federal question jurisdiction if the plaintiff pleads only state law causes of action. Gutierrez v. Flores, 543 F.3d 248, 252 (5th Cir. 2008). Plaintiff relies solely on state law, and his complaint does not assert any federal law claims. Thus, there is no basis to exercise jurisdiction under Section 1331.

**Conclusion**

Plaintiff's complaint does not satisfy his obligation to present facts that permit this court to exercise subject-matter jurisdiction over his claims. The complaint should be dismissed without prejudice for lack of subject-matter jurisdiction. If Plaintiff wishes to pursue his claims, he will have to do so in a Louisiana state court that has jurisdiction and is a proper venue. This was explained to Plaintiff before he paid the filing fee, but he insisted on going forward with a complaint that this court cannot address.

Accordingly,

**IT IS RECOMMENDED** that Plaintiff's complaint be **dismissed without prejudice** for lack of subject-matter jurisdiction.

**Objections**

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within 14 days after being served with a copy, shall bar that

party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. See <u>Douglass v. U.S.A.A.</u>, 79 F.3d 1415 (5th Cir. 1996) (en banc).

THUS DONE AND SIGNED in Shreveport, Louisiana, this 27th day of February, 2017.

Mark L. Hornsby
U.S. Magistrate Judge